UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jessica C.,                                                   Civ. No. 25-1380 (PAM/JFD)

                    Plaintiff,

v.                                                     **MEMORANDUM AND ORDER**

Frank Bisignano,
Commissioner of Social Security,

                    Defendant.

---

This matter is before the Court on the parties' cross-Motions for Judgment on the administrative record.  For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Jessica C.[1] filed a Title II application for disability insurance benefits on October 27, 2022.  (Admin. R. (Docket No. 9) at 10.)  Plaintiff alleged her onset date to be May 3, 2018, due to chronic Lyme disease, chronic Epstein-Barr, myalgic encephalomyelitis/chronic fatigue syndrome, depression, anxiety, hypothyroidism, fibromyalgia, post-traumatic stress disorder, and arthritis.  (Id. at 213, 260.)  Plaintiff's date of last insurance ("DLI") was March 31, 2019.  (Id. at 12.)

---

[1]      This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  In addition, an individual is disabled "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  Id. § 1382c(a)(3)(B).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled.  20 C.F.R. § 404.1520(a)(4).  At step one, the claimant must establish that she did not engage in any "substantial gainful activity" during the time between her onset date and her DLI.  Id. § 404.1520(b).  If she did not, the claimant must then establish at step two that she had a severe medically determinable impairment or combination of impairments during the relevant time.  Id. § 404.1520(c).  At step three, the Commissioner must find that the claimant was disabled if the claimant satisfies the first two steps and the claimant's impairment met or medically equaled one of the listings in 20 C.F.R. Pt. 404, Subpart P, App'x 1.  Id. § 404.1520(e).  If the claimant's impairment did not meet or medically equal one of the listings, the evaluation proceeds to step four.  The

claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she could not perform any past relevant work. Id. § 404.1520(f); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she was unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant could have performed other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant could perform such work, the Commissioner will find that the claimant was not disabled during the time between her onset date and DLI. 20 C.F.R. § 404.1520(g).

Plaintiff's application for benefits was denied initially and on reconsideration. (Admin. R. at 108–10, 122–23.) In January 2024, at Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application. (Id. at 55–93.) Plaintiff testified and was represented by an attorney at this hearing. (Id. at 58, 63–87.) Thereafter, the ALJ issued his written decision. (Id. at 10–36.)

The ALJ determined Plaintiff last met the insured status requirements on March 31, 2019, and did not engage in substantial gainful activity during the relevant period. The ALJ further concluded that Plaintiff had several severe impairments: Lyme disease, fibromyalgia, chronic fatigue syndrome, depressive disorder, attention deficit disorder, and anxiety disorder. (Id. at 13.) The ALJ found that the severity of Plaintiff's impairments did not meet the criteria for severe impairments. (Id. at 13–20.)

Therefore, the ALJ found that Plaintiff was not disabled at any time from the alleged onset date, May 3, 2018, through the date last insured, March 31, 2019. (Id. at 35.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this

3

lawsuit followed.  See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

**DISCUSSION**

Judicial review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole."  McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).  "Substantial evidence . . . is more than a mere scintilla."  Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  This "threshold . . . is not high."  Id.  "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision."  Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff challenges a single aspect of the ALJ's determination.  She contends that the ALJ erred in formulating her RFC by failing to explain why he did not adopt the state agency psychological consultants' opinions that Plaintiff can tolerate only "superficial contact" with coworkers.  Instead, the ALJ concluded that Plaintiff could "occasionally" interact with coworkers.  Plaintiff argues that the ALJ failed to create the requisite logical bridge explaining his conclusion.  However, "[t]he requirement to build a logical bridge i[s] not an arduous standard."  Charles A. C. v. Bisignano, Civ. No. 25-746, 2025 WL 3177523, at *3 (D. Minn. Aug. 6, 2025) (Schultz, M.J.).  Rather, "it is a minimal articulation standard, meaning that the ALJ is not required to address every piece of

evidence in writing, but must explain his rejection of uncontradicted evidence that would support the claim for benefits, in order to overcome the inference that the ALJ did not reject the evidence but simply forgot it or thought it irrelevant." Id. (citation and internal quotation marks omitted).

The ALJ explained that he did not adopt the state agency psychological consultants' findings in their entirety because the limitations were inconsistent with other portions of their findings. (Admin R. at 28.) Accordingly, he found their opinions partially persuasive. Both agency consultants opined that Plaintiff could have only "brief and superficial contact" with coworkers, but that she had only "mild" limitations in interacting with others. (Id. at 103, 109, 117, 123.) Specifically, they found that Plaintiff was "not significantly limited" in her ability to: carry out instructions, work with or in close proximity to others without finding them distracting, sustain an ordinary routine with extra supervision, interact appropriately with the general public, ask simple questions or request assistance, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. (Id. at 108–09, 122–23.)

Based on the record, it was reasonable for the ALJ to find that Plaintiff could sustain occasional, rather than brief and superficial, interactions with coworkers. Although Plaintiff takes issue with the ALJ's statement that he "did not adopt the state agency psychological consultants' opinions verbatim, [he] found the general theme of these specific limitations persuasive when formulating" Plaintiff's RFC, the ALJ adequately

explained his reasons for doing so.  (Id. at 28.)  Plaintiff's challenge to the ALJ's findings fails.  Substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled through her DLI.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motions for Judgment (Docket Nos. 13, 22) are **DENIED**;

2. Defendant's Motion for Judgment (Docket No. 19) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>April 13, 2026</u>                    <u>s/ Paul A. Magnuson</u>
                                               Paul A. Magnuson
                                               United States District Court Judge